CITY OF PAWTUCKET, FOR OPINION.

PROVIDENCE—APRIL 9, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Exemption from Taxation.*

The land and a building thereon used in part for a chapel for religious worship and in part for the residence of sisters of mercy, who serve as teachers in a free parochial school in the school-house on an adjoining lot, is not exempt from taxation under Gen. Laws cap. 44, § 2.

(2) *Exemption from Taxation.*

The exemption under Gen. Laws cap. 44, § 2, extends only so far as the land and buildings are used exclusively for religious or educational purposes.

CASE stated for an opinion.

PER CURIAM. The case stated presents the question whether the land and a building thereon used in part for a chapel for religious worship and in part for the residence of sisters of mercy, who serve as teachers in a free parochial school in the school-house on an adjoining lot, is exempt from taxation.

Gen. Laws cap. 44, § 2, exempts from taxation: "buildings for free public schools, buildings for religious worship and the land upon which they stand and immediately surrounding the same to an extent not exceeding one acre, so far as said buildings and land are occupied and used exclusively for religious or educational purposes;" also, in similar terms, the buildings, owned by a corporation, used for a school, etc., so far as the same is used exclusively for educational purposes.

(1) The court is of opinion that the building described does not come within the exemption.

It is not a free public school. It is not a building used exclusively for religious purposes. It is in part a dwelling-house for teachers in the school. *St. Joseph's* v. *Providence*, 12 R. I. 19.

It is therefore not a building used exclusively for educational purposes.

(2) The words "so far as the same is used exclusively," etc., are words of extent and not of exclusion. The whole estate is not excluded from exemption if any part of it is used for other purposes, but it is exempt to the extent of the exclusive religious or educational use.

The exclusive use is required to be of both land and buildings. For instance, if both are used exclusively for religious or educational purposes up to a certain line of the building, it would "so far" be exempt; but where the same part is devoted both to secular and exempted uses, it does not come within the terms of the statute.

We think the building described is of the latter class, and, hence, it is not exempt from taxation.

*Edward W. Blodgett*, City Solicitor of Pawtucket, and *Hugh J. Carroll*, for parties.